IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN ROSA MELÉNDEZ, JORGE LUIS LEÓN ROSA; & VICTOR COLÓN MELÉNDEZ, Plaintiffs | CIVIL NO. 09-01303 (  ) |
| v. | RE:   Consumer Product Safety Act; Torts |
| INVACARE CORPORATION, UMECO, INC., CALEB MEDICAL SUPPLIES INC., RYDER MEMORIAL HOSPITAL, INC., HOGAR RYDER, CORPORATION A, CORPORATION B, CORPORATION C, CORPORATION D, INSURER A, INSURER B, INSURER C, INSURER D, INSURER E, INSURER F, and INSURERG Defendants | PLAINTIFFS DEMAND TRIAL BY JURY |

COMPLAINT

TO THE HONORABLE COURT:

COMES NOW Plaintiff, CARMEN ROSA MELÉNDEZ, by herself and on behalf of her son JORGE LUIS LEÓN ROSA, and VICTOR COLÓN MELÉNDEZ, through the undersigned attorneys, and complaining of the Defendants, very respectfully state, alleges and prays as follows:

I.  PARTIES

1.   PLAINTIFF CARMEN ROSA MELÉNDEZ is of legal age and a citizen of the United States of America domiciled in the Commonwealth of Puerto Rico and is the daughter of one LUIS ROSA ROSA.

2.   PLAINTIFF JORGE LUIS LEÓN ROSA, a minor, and also a citizen of the United States of America domiciled in the Commonwealth of Puerto Rico, is the son of co-plaintiff CARMEN ROSA MELÉNDEZ, and the grandson of LUIS ROSA ROSA.

3. PLAINTIFF VICTOR COLON MELENDEZ is of legal age and a citizen of the United States of America domiciled in the Commonwealth of Puerto Rico and is the son of LUIS ROSA ROSA.

4. INVACARE CORPORATION is a corporation organized pursuant to the laws of Ohio, with its principal place of business in Elyria, Ohio.

5. INVACARE CORPORATION is a manufacturer and distributor of non-acute medical equipments including semi-electric home care beds.

6. INVACARE CORPORATION has carried out business transactions with persons in the Commonwealth of Puerto Rico, and in the course of such business transactions has had sufficient contacts with this forum to justify this Honorable Court's exercise of jurisdiction over the corporation, and/or INVACARE CORPORATION has committed tortuous acts within the Commonwealth of Puerto Rico.

7. UMECO, INC. is a corporation organized pursuant to the laws of Puerto Rico, with its principal place of business in the Commonwealth of Puerto Rico.

8. UMECO, INC. is a corporation which distributes sells and services medical equipment, including semi-electric home care beds made by INVACARE CORPORATION, in Puerto Rico.

9. CALEB MEDICAL SUPPLIES, INC. is a corporation organized pursuant to the laws of the Commonwealth of Puerto Rico, with its principal place of business in San Juan, Puerto Rico.

10. CALEB MEDICAL SUPPLIES, INC. is a corporation which leases medical equipment, including semi-electric home care beds made by INVACARE CORPORATION, in Puerto Rico.

11. RYDER MEMORIAL HOSPITAL, INC. is a corporation organized pursuant to the laws of the Commonwealth of Puerto Rico, with its principal place of business in Humacao, Puerto Rico.

12. RYDER MEMORIAL HOSPITAL, INC. is a corporation which owns and administers an

assisted living facility in Humacao, Puerto Rico, known as HOGAR RYDER.

13.     HOGAR RYDER is a dependency of defendant, RYDER MEMORIAL HOSPITAL, INC., located inside the facilities of the RYDER MEMORIAL HOSPITAL.

14.     CORPORATION A, CORPORATION B, CORPORATION C, CORPORATION D, INSURER A, INSURER B, INSURER C, INSURER D, INSURER E, INSURER F, and INSURERG are fictitious names used to identify those defendants whose identities are unknown to the Plaintiffs at this time and who are also legally responsible for the harms suffered by Plaintiffs in connection with this case.

## II.  JURISDICTION AND VENUE

15.     This action arises under the Consumer Product Safety Act, 15 U.S.C. §§ 2015-2084, and because the matter in controversy, exclusive of interest and costs, exceeds the sum of ten thousand dollars, 15 U.S.C. §2072(a), and under the laws of the Commonwealth of Puerto Rico specifically Article 1802 of Puerto Rico's Civil Code.

16.     The Court has jurisdiction over the parties and subject matter because the case is a civil action arising under a law of the United States (the Consumer Product Safety Act).  15 U.S.C. §2015 et seq. and 28 U.S.C. §1331.

17.     The Court has supplemental jurisdiction over claims arising under state law since these form part of the same case and controversy.  28 U.S.C. §1367(a).

18.     Venue is proper in the judicial district of Puerto Rico under 28 U.S.C. 1391(b)(1) or (2).

## III.  THE FACTS

19.     Upon information and belief, CALEB MEDICAL SUPPLIES, INC., purchased from INVACARE CORPORATION, through UMECO, INC., a semi-electric home care bed Model No.

5890 identified with the following serial and/or identification number 890001935211.

20.     In June, 2007, CALEB MEDICAL SUPPLIES, INC. leased the home care bed to Mr. LUIS ROSA ROSA to be used in RYDER MEMORIAL HOSPITAL, INC.'s assisted living facility located in Humacao, Puerto Rico, the HOGAR RYDER, where he lived during the remainder of that year and the beginning of 2008.

21.     On March 29, 2008, a fire originating in the aforementioned bed's electrical system began to burn the bed while Mr. LUIS ROSA ROSA was lying in it.  The bed's mattress was rapidly consumed by the fire.  Unable to move due to his medical condition, Mr. LUIS ROSA ROSA was enveloped by the flames.

22.     As a result of this fire, Mr. LUIS ROSA ROSA suffered third degree burns over 70% of his body.  He was transferred to an acute care hospital in critical condition.

23.     On April 2, 2008, Mr. LUIS ROSA ROSA died as a result of the harm suffered in the described incident.

24.     PLAINTIFF VICTOR COLÓN MELÉNDEZ has lived during the past 15 years at said HOGAR RYDER.  At the time of the fire, VICTOR COLON MELENDEZ was living in the same room as his father, Mr. LUIS ROSA ROSA.

## IV.  LIABILITY

25.     The spontaneous combustion of a semi-electric home care bed would not ordinarily occur except as a result of negligence in the design, manufacture, or installation of the bed's electrical system or the installation or setup of the bed itself.  As a result, and as applicable, plaintiffs plead the doctrine of res ipsa loquitur as to all Defendants in this action.

26.     The precipitous burning of the home care bed's mattress would not ordinarily occur except as

a result of negligence in the design, manufacture, installation or setup, including a failure to meet applicable Consumer Product Safety Commission regulations and standards relating to the flammability of mattresses.  As a result, and as applicable, plaintiffs plead the doctrine of res ipsa loquitur as to all Defendants in this action.

27. In the alternative, and in the event the doctrine of res ipsa loquitur is held not to apply, then the accident and damages resulting from the fire in this case were caused Defendants based on the legal theories of negligence and/or strict liability, consisting of the following, alleged upon information and belief:

   a. At all applicable times INVACARE CORPORATION knew that its semi-electric home care beds would be used by persons of limited mobility who would probably be unable to remove themselves from the bed in the case of a fire.  In fact, INVACARE CORPORATION specifically marketed its semi-electric home care beds to such persons.  Therefore, INVACARE CORPORATION knew that it was especially important to take reasonable steps to avoid such an occurrence through the design of its bed and the dissemination of appropriate instructions and warnings regarding the same.

   b. INVACARE CORPORATION negligently designed and manufactured the home care bed in this case sold through its agent, Defendant UMECO, INC., to CALEB MEDICAL SUPPLIES, INC., which leased it to Mr. LUIS ROSA ROSA for use in Puerto Rico with an electrical system which created an unreasonable danger of spontaneous combustion, and with a mattress which did not meet applicable flammability standards.

c.     INVACARE CORPORATION and other Defendants knowingly violated certain rules and standards issued and promulgated by the Consumer Product Safety Commission related to the flammability for mattresses.

d.     INVACARE CORPORATION negligently failed to inspect the home care bed to determine that the bed did not create a danger of burns to the user of the bed.

e.     Defendants UMECO, INC., and/or CALEB MEDICAL SUPPLIES, INC., were negligent in failing to inspect, assemble, install and set up the home care bed in this case to determine that the bed did not create an unreasonable danger of burns to the user of the bed and/or committed other acts which contributed to the damages in this case.

f.     Defendants INVACARE CORPORATION, UMECO, INC., and/or CALEB MEDICAL SUPPLIES, INC., knowingly or negligently misrepresented that the electric hospital bed was safe, fit and proper for its intended use and purpose and that it met applicable safety standards;

g.     Defendants RYDER MEMORIAL HOSPITAL, INC., and its dependency HOGAR RYDER, failed to take reasonable steps to reduce the danger of burns to Mr. LUIS ROSA ROSA in his home care bed including the failure to follow applicable federal and state fire safety standards.

h.     Defendants RYDER MEMORIAL HOSPITAL, INC., and its dependency HOGAR RYDER are liable in as much as they failed to provide proper first response given the emergency situation created when the fire started.  The room which both, Mr. LUIS ROSA ROSA and VICTOR COLÓN MELÉNDEZ occupied lacked a working fire

        alarm system which could have alerted the staff at HOGAR RYDER and or RYDER MEMORIAL HOSPITAL, INC., of the condition in said room.

    i.    All Defendants failed to disseminate and impart appropriate instructions which would have prevented the accident in this case.

    j.    Other acts committed by Defendants which contributed to the damages in this case.

28.    All Defendants are liable in solido to Plaintiffs for the damages and death resulting from the fire described in this case.

## V. DAMAGES

29.    Plaintiff CARMEN ROSA MELÉNDEZ has a personal cause of action for the damages suffered by her in connection with the death of her beloved father, LUIS ROSA ROSA, caused by Defendants. Plaintiff CARMEN ROSA MELÉNDEZ has suffered the loss of love, affection, society, guidance and companionship of her father. She has also suffered grief, sorrow, pain, mental distress and anguish as the result of the agonizing and painful death of her father. Her damages exceed $1,000,000.00 which she claims from the Defendants.

30.    Plaintiff JORGE LUIS LEÓN ROSA has a personal cause of action for the damages suffered by him in connection with the death of his beloved grandfather, LUIS ROSA ROSA, caused by Defendants. Plaintiff JORGE LUIS LEÓN ROSA has suffered the loss of love, affection, society, guidance and companionship of his grandfather. He has also suffered grief, sorrow, pain, mental distress and anguish as the result of the agonizing and painful death of his grandfather. His damages exceed $1,000,000.00 which he claims from the Defendants.

31.    Plaintiff VICTOR COLÓN MELÉNDEZ has a personal cause of action for the damages suffered by him in connection with the death of his beloved father, LUIS ROSA ROSA, caused by

Defendants. Plaintiff VICTOR COLÓN MELÉNDEZ has suffered the loss of love, affection, society, guidance and companionship of his father. He has also suffered grief, sorrow, pain, mental distress and anguish as the result of the agonizing and painful death of his father. He also suffered personal damages since he personally agonized watching his father burn before him as well as for the fear of burning or losing his own life in the fire. His damages exceed $1,000,000.00 which he claims from the Defendants.

32. Under applicable Puerto Rico law, Plaintiff CARMEN ROSA MELÉNDEZ, is a forced heir of her father, Mr. LUIS ROSA ROSA, and as such inherited the personal cause of action of her father for the physical and emotional pain and anguish suffered by him prior to his death caused by Defendants. Prior to his ultimate demise, Mr. LUIS ROSA ROSA, suffered damages in an amount exceeding $1,000,000.00 which, Plaintiff CARMEN ROSA MELÉNDEZ claims from the Defendants on his behalf.

33. Plaintiffs are also entitled to recover damages for medical, hospital, doctors', funeral, and burial expenses.

WHEREFORE, it is very respectfully requested that this Honorable Court order a jury trial and enter judgment against the Defendants *in solido* for general compensatory damages for the damages suffered by LUIS ROSA ROSA, CARMEN ROSA MELÉNDEZ, JORGE LUIS LEÓN ROSA and VICTOR COLÓN MELÉNDEZ, and special damages for all incurred medical, funeral and burial expenses, plus interest from the filing of the complaint, all litigation costs and expenses, and a reasonable sum for attorneys' fees, and such other and further relief as the court may deem just and equitable.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 27th day of March, 2009.

Andréu & Andréu
Condominio Centro de Seguros, Suite 404
701 Ave. Ponce de León
San Juan, P.R.00907
Tels. (787)722-1616/(787)725-7427
Telefax (787) 725-5610


/s/ CESAR A. ANDRÉU-RAMÍREZ DE ARELLANO, ESQ. (U.S.D. #216213)
car@andreulawoffices.com


/s/ FRANCISCO J. ANDRÉU-RAMÍREZ DE ARELLANO, ESQ. (U.S.D. #212904)
far@andreulawoffices.com